IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HARRIS et al.,<br>Plaintiffs,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 06-2903 |

**Memorandum and Order**

YOHN, J.                                                                                                    July \_\_\_\_, 2007

      Plaintiffs Rodney Harris and Derek Bass bring the instant motion for court-supervised notice to potential opt-in plaintiffs pursuant to the opt-in procedures of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  For the reasons stated herein, plaintiffs' motion will be granted.

**I. Background**

      On July 3, 2006, plaintiffs brought the instant action under the FLSA and Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. § 260.1 *et. seq*., on behalf of themselves and other employees and former employees of defendant Healthcare Services Group, Inc. ("Healthcare Services").[1]  Plaintiffs allege that they, and others similarly situated, were

---

[1]Plaintiffs also originally brought suit against Northern Health Facilities, Inc.  However, pursuant to a stipulation by the parties that all twenty-nine employees at Dresher Hill Health and Rehabilitation Center are/were employees of Healthcare Services, I granted summary judgment in favor of Northern Health Facilities, Inc., and it is no longer a party to this action.  (*See* Order, Feb. 1, 2007.)

1

employed as floorpersons or housekeeping staff at Dresher Hill Health and Rehabilitation Center ("the Dresher Hill Facility") from July 2004 to present, and that Healthcare Services failed to compensate them at one and one-half times the regular rate of pay for hours worked in excess of forty hours per week, in violation of federal and state law.  (Compl. ¶¶ 2, 3, 7, 10-12, 13-15.)

Seeking to proceed as a collective action under the FLSA on behalf of other similarly situated employees, plaintiffs filed a motion for court-supervised notice to potential opt-in plaintiffs.  After a hearing and arguments before the court on February 1, 2007, because plaintiffs had made no factual showing in support of their motion for court-supervised notice, I dismissed plaintiffs' motion for court supervised notice without prejudice and allowed plaintiffs an additional forty-five days during which to conduct investigative interviews with the remaining twenty-seven employees and the relevant union officials.  (*See* Order, Feb. 1, 2007.)  I then permitted plaintiffs to file affidavits in support of their motion for court-supervised notice and Healthcare Services to file a response.  (*See* Order, Mar. 19, 2007.)

Plaintiffs have now provided several affidavits in support of their motion for court-supervised notice.  Plaintiffs supply their own affidavits wherein they each state that they were employed as a housekeeper/floorperson at the Dresher Hill Facility and not always paid one and one-half times the regular pay rate for hours over forty worked in a week.  Plaintiffs also submit the affidavits of two additional employees–one current and one former–also from the Dresher Hill Facility, who state that they were employed as a housekeeper or housekeeper/laundry aid and were not paid for overtime work.  Both of these employees were told that payments would be forthcoming, but did not receive additional paychecks.  In addition, one of these employees avers that she specifically complained to her manager about her overtime issues and, in November

2005, her manager expressed his intention to fire her for complaining about overtime, and she was subsequently transferred to another facility. Plaintiffs also provide the affidavits of two of their counsel. One of the attorneys avers that he interviewed two current and two former employees of Healthcare Services, all of whom were employed either as housekeepers, floorpersons, or laundry aids. All four employees stated that they were not paid one and one-half times their regular rate of pay for time they worked in excess of forty hours per week. The other attorney affidavit states that counsel interviewed an additional former employee who was employed as a housekeeper and floorperson and was not paid one and one-half times his regular rate for hours in excess of forty hours per week throughout the tenure of his employment. Thus, plaintiffs have identified nine employees out of a potential class of twenty-nine who have allegedly not been paid overtime for hours worked over forty hours per week. This is the entirety of plaintiffs' proffered evidence in support of the motion.

**II. Legal Standards**

Collective actions brought under the FLSA are governed by § 216(b) which, unlike Federal Rule of Civil Procedure Rule 23, provides for an opt-in procedure for plaintiffs desiring to be included in the litigation. 29 U.S.C. § 216(b). There are two requirements for potential plaintiffs to be included in the collective action: plaintiffs must (1) be "similarly situated" and (2) give written consent. *Id.* (stating that "[a]n action to recover the liability . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" and plaintiffs must "give[] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought"). However, the "similarly situated" standard for employees to proceed collectively under the

FLSA is not defined by the statute. *See id.* The FLSA also does not provide specific procedures by which potential plaintiffs may opt-in, but the Supreme Court has held that "district courts have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).[2] The Court further stated that "once an [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 171.

Thus, courts have developed a two-step process for implementing notice and determining who is "similarly situated." *See Smith v. Sovereign Bancorp, Inc.*, 2003 U.S. Dist. LEXIS 21010, at *4 (E.D. Pa. Nov. 14, 2003) ("The determination of whether FLSA claimants are 'similarly situated' for the purposes of § 216(b) is a two-step procedure.") (citing *Felix de Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001)); *see also* 7B Wright, Miller & Kane, Federal Practice and Procedure § 1807 (3d ed. 2005). The first step is conducted early in the litigation process, when the court has minimal evidence, and consists of a preliminary inquiry into whether the plaintiff's proposed class consists of similarly situated employees. *See Bosley v. Chubb Corp.*, 2005 U.S. Dist. LEXIS 10974, at *5 (E.D. Pa. June 6, 2005). "At this stage, the court grants only conditional certification of the class for the purpose of notice and discovery." *Id.* (citing *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 428 (W.D. Pa. 2001)). The second step is usually conducted at the close of class-related discovery and consists of a specific factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate party. *Bosley,*

---

[2]*Hoffmann-La Roche* involved the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, which incorporates the collective action provisions of the FLSA.

2005 U.S. Dist. LEXIS 10974, at *6; *see also Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, at *13 (D.N.J. Jan. 5, 2006) ("In the second stage, after the court has more evidence and the case is ready for trial, the court applies a stricter standard."); 7B Wright, Miller & Kane, Federal Practice and Procedure § 1807 (explaining that at the second stage, "the court will again make its certification decision based on the 'similarly situated' standard," but "require[s] a higher level of proof than for initial conditional certification"). If the final class is not certified, the class is decertified, the opt-in plaintiffs are dismissed without prejudice and any remaining plaintiffs are permitted to proceed to trial. *Chabrier v. Wilmington Fin., Inc.*, 2006 U.S. Dist. LEXIS 90756, at **6-7 (E.D. Pa. Dec. 13, 2006).

Courts have differed on the level of proof that is necessary in the first step of the inquiry. *Brothers v. Portage Nat'l Bank*, 2007 U.S. Dist. LEXIS 24326, at *19 (W.D. Pa. Mar. 29, 2007). As district courts in this circuit have noted, courts have applied the "mere allegation" approach or the "modest factual showing" test to determine whether a plaintiff is entitled to preliminary certification and court-supervised notice. *See, e.g., id.* at **19-20; *Bosley,* 2005 U.S. Dist. LEXIS 10974, at *8; *Smith*, 2003 U.S. Dist. LEXIS 21010, at **5-8. The court's reasoning from *Smith* for preferring the "modest factual showing" test is persuasive:

> In effect, [the "mere allegation" approach] render[s] preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every one of her employer's hourly employees. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery. More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the

contours of the [§ 216] action at the outset."

*See Smith*, 2003 U.S. Dist. LEXIS 21010, at \*\*7-9 (quoting *Hoffman La-Roche*, 493 U.S. at 171-72); *see also*, *Bosley,* 2005 U.S. Dist. LEXIS 10974, at \*\*9-10 (adopting the reasoning of *Smith*). Accordingly, I will require plaintiffs to make a "modest factual showing" that other employee are "similarly situated" in order meet the first step of the inquiry. However, this remains a lenient burden. *Smith*, 2003 U.S. Dist. LEXIS 21010, at \*10. Further, the merits of plaintiffs' claims need not be evaluated in order for notice to be approved and disseminated. *Chabrier*, 2006 U.S. Dist. LEXIS 90756, at \*6 (citing *Aquilino v. Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084, \*5 (D.N.J. Sept. 7, 2006)).

**III. Discussion**

The instant motion only concerns the first step of the above-detailed inquiry. The twenty-nine employees at issue are hourly employees of Healthcare Services who work or formerly worked at the Dresher Hill Facility from July 2004 to present–including housekeepers, floorpersons and laundry workers–and who are under the same collective bargaining agreement. In addition to the plaintiffs, seven out of the remaining twenty-seven employees aver, in some form, that they were not paid time and one-half for hours worked over forty hours per week. This is roughly one-quarter of the additional potential plaintiffs. Thus, I find under the lenient first step, plaintiffs have demonstrated that there are "similarly situated" persons who may desire to opt-in to the litigation. Accordingly, I will conditionally certify the proposed class of twenty-nine plaintiffs who worked as hourly employees at the Dresher Hill Facility, from July 2004 to

present.[3]

This preliminary certification is as to those employees *only*. The draft notice plaintiffs attached to their motion and the complaint appear to include all employees of Healthcare Services nationwide and, at the hearing, counsel for plaintiffs intimated that the desired class would comprise all employees nationwide. There is no evidence to support a collective action of this scope. Each named plaintiff and all seven additional proposed plaintiffs whom plaintiffs' counsel interviewed are located at the Dresher Hill Facility, and no other evidence has been submitted to demonstrate that hourly employees in other geographic areas were similarly not appropriately compensated for overtime worked. *See Chabrier*, 2006 U.S. Dist. LEXIS 90756, at **8-9 (denying preliminary certification for a nationwide class where "[n]o evidence ha[d] been submitted to show that other loan officers in other geographic locations with different [] supervisors had not been paid for overtime hours worked").

I also note that plaintiffs have demonstrated only what is minimally required to overcome the first step of the lenient "similarly situated" inquiry. For instance, plaintiffs have not identified for what weeks plaintiffs or potential plaintiffs were allegedly not paid, the amounts for which they were not compensated, or any responsible supervisors. In addition, Healthcare Services has submitted evidence to cast doubt on plaintiffs' allegations.[4] However, because the

___

[3] Although plaintiffs' motion does not specifically request provisional certification, because plaintiffs' counsel did so request at the hearing and because that is the general procedure for a case of this type, I will construe their motion as containing such a request and grant conditional certification along with court-supervised notice.

[4] Healthcare Services has proffered evidence to rebut plaintiffs' claims that they are similarly situated and/or have claims for uncompensated overtime, such as the collective bargaining agreement detailing overtime compensation policy, an analysis of plaintiffs' timecards, and the lack of employee grievances concerning overtime compensation. However,

first step is intended to be lenient and because it is not as this stage that I inquire into the merits of plaintiffs' claim, I will grant the motion. This decision may be revisited upon a motion for decertification or a motion for summary judgment if it later appears that the additional plaintiffs who opt-in are not similarly situated.

## IV. Form of Notice and Opt-In Consent

District courts have wide discretion in the implementation of notice to proposed plaintiffs. *See Engers v. AT&T*, 2007 U.S. Dist. LEXIS 37937, at *4 (D.N.J. May 24, 2007) (citing *Hoffmann-La Roche*, 493 U.S. at 169) ("Decisions as to whether to facilitate notice to potential plaintiffs, and how to facilitate it, are matters entrusted to the district court's discretion."). The Supreme Court has admonished that district courts "must be scrupulous to respect judicial neutrality" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174. Counsel for plaintiffs and Healthcare Services are directed to meet and confer regarding the form and content of the proposed notice to putative class members, in accordance with this memorandum. An appropriate order follows.

---

such evidence is appropriately reviewed pursuant to a decertification motion or a motion for summary judgment. *See Bosley,* 2005 U.S. Dist. LEXIS 10974, at *12 (finding that evidence that proposed class members did not perform the same duties as named plaintiffs is appropriately considered at step two); Fed. R. Civ. P. 56(c).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY HARRIS et al.,<br>Plaintiffs,<br><br>    v.<br><br>HEALTHCARE SERVICES GROUP, INC.,<br>Defendant. | :<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO. 06-2903<br>:<br>:<br>:<br>: |

## Order

AND NOW on this _____ day of July 2007, upon consideration of plaintiffs' motion for court-supervised notice (Doc. No. 24), Healthcare Services Group, Inc.'s responses thereto, and plaintiffs' sur-reply, and after hearing, it is hereby ORDERED that:

(1) Plaintiffs' motion for court-supervised notice and conditional certification is GRANTED as to the twenty-nine current and former employees of Healthcare Services Group, Inc., employed at Dresher Hill Health and Rehabilitation Center, as housekeepers, floorpersons and laundry workers, from July 2004 to present;

(2) Counsel for the parties shall meet and confer as soon as practicable regarding the form and content of the notice to putative class members. A joint proposed notice shall be submitted to the court for consideration within twenty (20) days of the date of this order;

(3) If the parties cannot agree on a joint proposed notice, they shall submit their separate proposals and a letter brief explaining their rationale within twenty (20) days of the date of this order;

(4) Class members shall have thirty (30) days from the time notice issues to file their consent to sue forms;

(5) All discovery shall be completed on or before December 31, 2007;

(6) Any motion to decertify the class shall be filed on or before January 31, 2008;

(7) Any motions for summary judgment shall be filed on or before January 31, 2008.

                    s/ William H. Yohn Jr.
                    William H. Yohn Jr., Judge